**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2654

UNITED STATES OF AMERICA,

Appellee,

v.

HECTOR CASTRO-POLANCO,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, Chief U.S. District Judge]

Before

Selya, Lynch, and Howard, Circuit Judges.

Evelyn Canals-Lozada, Assistant United States Attorney, and
Nelson J. Perez-Sosa, United States Attorney, on brief for
appellee.
Victor González-Bothwell, Assistant Federal Public Defender,
and Joseph C. Laws, Jr., Federal Public Defender, on brief for
defendant, appellant.

June 2, 2006

**Per Curiam**. Appellant Hector Castro-Polanco, a citizen of the Dominican Republic, pled guilty (without a plea agreement) to one count of re-entering the United States after removal subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b). Because he was sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the sentencing guidelines were advisory rather than mandatory. In calculating the guideline range, the sentencing court applied a 16-level increase to the base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), and arrived at an imprisonment range of 46 to 57 months. Defense counsel requested a sentence below that range, based on the defendant's mental impairment. The court, treating the guidelines as purely advisory, imposed a sentence of 46 months, for which it gave a "reasoned explanation." United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006).

Counsel for appellant has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Appellant has filed a supplemental pro se brief. For the reasons stated below, and after a full examination of the record, we conclude that this appeal presents no non-frivolous issues.

I. Issue Raised in Anders Brief

The sole issue identified in the Anders brief as a potential appellate issue is the reasonableness of the sentence. Specifically, that brief identifies the issue of whether the

-2-

district court was unreasonable in failing to vary downwards from the guidelines based on Castro-Polanco's alleged mental impairment. In reviewing unreasonableness claims, this court emphasizes "the provision of a reasoned explanation, a plausible outcome and - where these criteria are met - some deference to different judgments by the district judges on the scene. . . . Assuming a plausible explanation and a defensible overall result, sentencing is the responsibility of the district court." Jiménez-Beltre, 440 F.3d at 519. Here, the sentencing court gave a reasoned explanation both for imposing a sentence at the bottom of the guideline range, and for failing to vary below that range on the ground of defendant's alleged mental impairment.

The district court expressly found that a variance from the guidelines based upon "impairment of capacity" was not warranted. Underlying that determination was the court's supportable finding that defendant's mental impairment had not substantially contributed to his commission of the illegal re-entry offense. The court also explained its sentence with reference to the factors to be considered pursuant to 18 U.S.C. § 3553(a). Specifically, the court cited the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," id. § 3353 (a)(2)(A), and "to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective

-3-

manner." Id. § 3553(a)(2)(D). The court noted that defendant had been a "habitual offender" and had a "proclivity for recidivism." In explaining the sentence imposed, the court noted the need to "appropriately address the issue of recidivism," and for defendant to be "confined in a . . . structured environment," and provided with "medical and psychiatric care and other correctional treatment." Id.

We agree with appellant's counsel that there is no non-frivolous argument that the sentence imposed was unreasonable.

## II. Issues Raised in Pro Se Brief

Castro-Polanco challenges the sentencing court's 16-level enhancement to his base offense level for prior conviction of a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A). In determining that the conviction which preceded deportation (a Maryland state conviction for second-degree assault) constituted a "crime of violence," the sentencing court did not appear to have examined the elements of the Maryland statute of which defendant was convicted. Nor did it rely directly upon the court documents which it is permitted to consider under Taylor v. United States, 495 U.S. 575, 602 (1990) and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1263 (2005). Instead, the court appeared to have relied upon the characterization of the Maryland conviction as a "crime of violence" contained in the presentence investigation

report (PSR) and upon the PSR's factual description (based upon "court documents") of the underlying offense.

Castro-Polanco did not object at sentencing to the 16-level enhancement. Therefore, at best, we review only for plain error. See United States v. Mastera, 435 F.3d 56, 61 (1st Cir. 2006). Castro-Polanco's challenge fails under the third and fourth prongs of the plain error test. He has not met his burden of showing either that the alleged error affected his substantial rights or seriously impaired the fairness, integrity, or public reputation of judicial proceedings. Castro-Polanco did not object to the PSR's factual description of his Maryland offense. Nor does he even argue in his pro se brief that the Maryland conviction was for a non-violent offense. The PSR states that the source of the factual description is court documents. Nothing in this record suggests that the nature of the actual offense would be so different from the PSR's description that it would not qualify as a crime of violence for enhancement purposes. We conclude that there is no non-frivolous argument that the sentencing court committed plain error in applying a 16-level enhancement to calculate the advisory guideline sentence in this case.[1]

Counsel's motion to withdraw is granted, and appellant's conviction and sentence are affirmed. See 1st Cir. R. 27(c).

---

[1] The remaining issues raised in the pro se brief are clearly frivolous.

-5-